UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaSalle Town Houses Cooperative
Association, et al.,
Individually and on behalf of all
similarly situation class members,

Plaintiffs,

v.

City of Detroit,

Defendant.

_____/

Case No. 4:12-cv-13747

United States District Court Judge
Gershwin A. Drain

## Order Granting Final Approval of Class Action Settlement and Attorney Fees [80]

### I. Introduction

This matter is before the Court pursuant to Federal Rule of Civil Procedure 23. The case involves plaintiffs and class representatives LaSalle Town Houses Cooperative Association, Nicolet Town House Cooperative Association, Lafayette Town Houses Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Named Plaintiffs" or "Class Representatives"), and Defendant City of Detroit, acting through its Detroit Water and Sewerage Department ("DWSD") (collectively, the "Settling Parties"). Plaintiffs moved this Court for an Order granting final approval of their settlement and consideration of Class Counsel's

Motion for Award of Attorneys' Fees, Costs, and Expenses [80] on December 4, 2015. Defendant has no objection to that motion.

The Court, having held a Rule 23(e)(2) fairness hearing, and having considered the record and the presentations of the parties, is satisfied that the Rule 23 requirements are met, as detailed below, and hereby **APPROVES** the settlement and Settlement Agreement.

The Court preliminarily approved the Settlement Agreement on December 15, 2015, and approved the notice to class members which described the settlement, set the objection deadline, and scheduled the fairness hearing. Dkt. No. 83. The notice was timely mailed to class members as directed by the Court. The Court conducted the fairness hearing on March 28, 2016. Based on the hearing, the record, and the submissions and presentations to the Court, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

**The Parties and the Class**

A.    The Named Plaintiffs and Class Representatives are LaSalle Town Houses Cooperative Association, Nicolet Town House Cooperative Association, Lafayette Town Houses Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative. Named Plaintiffs were certified as representatives of the Class by this Court in an Order [47] dated March 3, 2014.

B.     Defendant City of Detroit, acting through its DWSD, is the entity that provides water and sewerage to residents which include Plaintiffs and others similarly situated.

C.     On March 3, 2014, the Court certified the following class, pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2):

    a.     All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law.

D.     The Court further ordered on March 3, 2014, that Randall Pentiuk and Kerry Morgan be appointed Class Counsel, pursuant to Federal Rule of Civil Procedure 23(g).

E.     The Settling Parties seek approval of their settlement and Settlement Agreement, Dkt. No. 80, resolving this class action.

**The Claims and Defenses**

F.    The individual plaintiffs filed this lawsuit on behalf of themselves and the class in August 2012, alleging equal protection violations and seeking restitution, an accounting and escrow, and injunctive relief. Dkt. No. 1, pp. 7–10 (Pg. ID No. 7–10).

G.    This lawsuit alleged that Defendant violated the equal protection clauses of the Michigan and Federal Constitutions by charging multi-family dwellings a commercial, rather than residential, rate for monthly drainage charges based upon water meter size. *Id*. at 7–8. Plaintiffs also claim damages for breach of contract in assumpsit, seek an accounting and escrow of allegedly overpaid funds, and request injunctive relief against future charges. *Id*. at 9–10.

H.    Defendant claimed that multiple family dwellings of five or more units were charged higher raters to cover the greater amount of stormwater runoff that enters the sewage system from these complexes. Dkt. No. 22, pp. 16–17 (Pg. ID No. 311–12).

**The Litigation and Settlement Negotiations**

I.    The Settling Parties have undertaken both formal and informal discovery, and have identified the specific meter sizes for which the commercial rates differ from the residential rates, and the Accounts to which these differences apply. In addition, the Settling Parties have had numerous meetings and negotiated with

each other, including two full-day mediation sessions with the United States Magistrate Judge in which they discussed the merits of the case's claims and defenses. These efforts were regularly reported to the Court.

J.    The second settlement conference produced a mutually-acceptable settlement which is embodied in the parties' Settlement Agreement. Dkt. No. 81-2. That settlement and the Settlement Agreement are before the Court.

**The Settlement Terms**

K.    The Settlement Agreement provides for resolution of the litigation. The Settlement Agreement provides the following:

a.    Defendant will issue a credit of no more than $575.00 per Qualified Account, applied toward unpaid past and future drain charges, for each Qualified Account of a Settlement Class Member. Defendant understands that the known Qualified Accounts of the Settlement Class numbers 672 accounts.

b.    Defendant will make one cash payment of $6,000.00 to each Named Plaintiff, for a total of $30,000.00.

c.    Defendant will make one cash payment of $200,000.00 to the Class Counsel, in a check made payable to "Pentiuk, Couvreur & Kobiljak, P.C." for attorney fees, costs, and expenses for this Civil Action and for Claims by the Class against the City in the Bankruptcy Court.

-5-

L.     The following Settlement Class is certified for settlement purposes. It is made up of all Settlement Class Members. The Settlement Agreement defines a Settlement Class Member as:

> a.     Any entity or individual owning, or acting for an owner of, property that has a building, apartment building, townhouse, housing cooperative, or condominium with multiple units, utilized for residential purposes and located within the City of Detroit, for which property the City of Detroit has established a sewerage and drainage Account, and for whom the Account is being charged by the City of Detroit at a commercial rate for sewerage and drainage as of July 16, 2015, and for whom the Account has been charged based upon water meter size, where the water meter size is either 1½ inches or 2 inches, and for whom the Account does not have an Unpaid A/R Balance, and who has not timely elected to be excluded from this settlement, in the manner described in Paragraph 8.e. and 8.f. of the Settlement Agreement.

M.     The Settlement Agreement provides, in pertinent part: "Class Counsel will file a motion under Federal Rule of Civil Procedure 54(d)(2), as required by Rule 23(h), seeking an award of attorney fees, expenses and costs in the amount set forth in Paragraph 4.c. above. Class Counsel will provide notice required by Rule 23(h)(1). The Court may hold a hearing on the motion. Whether or not the Court

holds a hearing, Class Counsel will assist the Court in finding facts and reaching legal conclusions that are required by Rules 23(h)(3), 54(d)(2)(C), and 52(a)." (Release and Settlement Agreement, Paragraph 6.c.)

N.     The award of attorneys' fees, costs, and expenses will not reduce benefits payable to Settlement Class Members. Defendant has agreed to pay the award of attorneys' fees, costs, and expenses, if approved by the Court, in an amount not to exceed $200,000.00. Defendant does not object to Class Counsel's motion for fee award.

**Counsel's Assessment**

O.     Class Counsel argues settlement embodied in the Settlement Agreement is fair, reasonable, and beneficial to the class. Although they believe that Plaintiffs' case is strong, Class Counsel counterbalanced that against the inherent risks of litigation in determining that it was prudent to accept the benefits offered in the settlement.

P.     Class Counsel identified a number of factors that led to their conclusion that the settlement is fair, reasonable, and beneficial to the class. Class Counsel considered the uncertainties and risks involved in refusing to settle and insisting on proceeding to trial. They recognized that litigation could lead to a "a high stakes zero sum undertaking, in which one party is likely to achieve complete victory

while the opposing party experiences complete defeat," while settlement guaranteed Class Members credits for unpaid past and future charges.

Q.    Based on these factors, in consultation with the class representatives, Class Counsel concludes that the settlement and Settlement Agreement are fair, reasonable, and beneficial to the class.

R.    At the hearing, Defense counsel concurred that the settlement is fair, reasonable, and adequate and represents a mutually beneficial positive resolution of the parties' dispute, bringing certainty, avoiding more delay and expense, eliminating the risk of adverse result, and providing valuable benefits to class members.

**Notice to Class**

S.    The Court approved the Class Notice–titled "Legal Notice of Class Action Settlement," on December 15, 2015. Dkt. No. 83. The Manager of the Billings and Collections Division of DWSD supervised the mailing of that notice to account holders of each of the 672 Qualified Accounts. Dkt. No. 84-2. The mailing was completed on January 4, 2016, when all of the envelopes were given to the United States Postal Service for mailing.

T.    The Legal Notice of Class Action Settlement provides that: "The grounds on which Class Counsel is seeking an award of fees, costs and expenses are generally based on Class Counsel's diligent prosecution of this action. They have not

received any fees or reimbursement for any costs or expenses associated with this case. Class Counsel will apply to the Court by motion for an award to Class Counsel for attorneys' fees, costs and expenses of not more than Two Hundred Thousand Dollars ($200,000.00 USD) to which the settling Defendant will not object and which is part of the settlement being paid by Defendant. Class Counsel will also seek the payment of $6,000.00 to each of the Class Representatives for their contributions to this litigation, also part of the settlement being paid by Defendant."

U.    The Class Notice was provided in the form of the proposed Settlement Class Notice submitted to the Court by the parties.

**The Approval Process**

V.    Pursuant to the Court's order preliminarily approving the settlement, Dkt. No. 83, and the notice, the Court held a fairness hearing on March 28, 2016. One individual appeared to voice his reason for wishing to be excluded from the class. No Class Member appeared at the hearing to present an objection.

W.    As discussed in more detail below, the Court concludes that the settlement, concurred in by all parties and their counsel, and reached in the course of negotiations and mediation facilitated by a United States Magistrate Judge, is the product of reasoned and informed "arm's length" negotiations which produced a mutually-beneficial settlement that eliminates uncertainties, avoids further delay

and expense, eliminates each side's risk of adverse result, and is consistent with the public interest, and, in these circumstances, is fair, reasonable, and adequate under Rule 23(e)(2).

### III. CONCLUSIONS OF LAW

1.　　This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. The Court also has personal jurisdiction over the parties in this action.

2.　　Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Settlement Agreement.

3.　　As previously determined in the Court's March 3, 2014 Order, Dkt. No. 47, class certification is appropriate in this case because it satisfies Rule 23(a) standards—numerosity, commonality, typicality, and adequacy of representation— and Rule 23(b)(1)(A) and (b)(2). The case affects 672 Qualified Accounts, Dkt. No. 80, p. 10 (Pg. ID. No. 1316), including Named Plaintiffs, so the joinder of all Class Members is impracticable. Questions of law and fact are common to the class, including questions regarding whether the Class Members should have been charged a residential rate for their sewerage and drainage accounts. The claims of the Named Plaintiffs are typical of the class, and Defendant's defenses apply to all class members. All of the facts shown indicate that Named Plaintiffs will adequately and fairly represent the interests of the class, pursuant to Rule 23(a)(4).

4.    The March 3, 2014 Order also appointed Class Counsel, pursuant to Rule 23(g). Dkt. No. 47. This appointment required consideration of counsel's work, experience, legal knowledge, resources, and other factors "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(A)(i)-(iv) and (B). In the March Order, the Court determined that Randall Pentiuk and Kerry Morgan were well-suited and qualified to adequately represent the interests of the class. Dkt. No. 47.

**Legal Standard**

5.    The Court shall give final approval to a settlement agreement of a class action if, following a hearing, the Court finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, the Court evaluates the proposed class action settlement in light of the general federal policy favoring the settlement of class actions. *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006).

6.    The Sixth Circuit has held that seven factors guide the inquiry into whether or not the proposed settlement is fair, reasonable, and adequate:

    (a) the risk of fraud or collusion;

    (b) the complexity, expense and likely duration of the litigation;

    (c) the amount of discovery engaged in by the parties;

    (d) the likelihood of success on the merits;

-11-

(e) the opinions of class counsel and class representatives;

(f) the reaction of absent class members; and

(g) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

7.    The Court need not decide the merits of the case, resolve unsettled legal questions, or decide whether one side is right or has the better of the arguments. *Id.* at 631–32. Rather, the Court is tasked with "weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *Id.* at 631 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). In assessing the amount of the settlement, the Court does not ask whether the settlement is the most favorable possible result in the litigation, but only whether it falls within the "range of reasonableness." *IUE-CWA*, 238 F.R.D. at 596.

8.    The settlement's proponents bear the burden of persuading the Court that the settlement is fair and reasonable. *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 306 (E.D. Mich. 1988), *aff'd sub nom. Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989). The fundamental question before the Court is "whether the parties are using settlement to resolve a legitimate legal and factual disagreement." *Gen. Motors*, 497 F.3d at 632.

-12-

9.     "The evaluation and approval of a class settlement is committed to the sound discretion of the district court." *IUE-CWA*, 238 F.R.D. at 594 (citing *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986)).

**Sufficiency of Class Notice**

10.    Prior to the fairness hearing, the district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

11.    The Court finds that the Class Notice, which was approved by the Court in December 2015 and then sent to all Qualified Accounts, satisfies Federal Rule of Civil Procedure 23(e)(1). The notice conveyed the required information and afforded a reasonable time for those interested to make an objection.

**The Fairness Hearing**

12.    Fairness hearings contain several procedural safeguards, including the requirement that parties to the settlement "must proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement"; that "class

members 'may object to [the] proposed settlement' on the record"; and that "class members have a right to participate in the hearing." *Gen. Motors*, 497 F.3d at 635 (alteration in original). Nevertheless, the district court "may limit the fairness hearing to whatever is necessary to aid it in reaching an informed, just and reasoned decision" and does not need to provide objecting class members with "the entire panoply of protections afforded by a full-blown trial on the merits." *Tenn. Ass'n of Health Maint. Orgs. v. Grier*, 262 F.3d 559, 567 (6th Cir.2001) (internal quotation marks omitted).

13.     Based on the facts and arguments presented in the pleadings and at the hearing, the Court concludes that the settlement is fair, reasonable, and adequate under Rule 23(e)(2).

**Assessing the Dispute and Weighing Continued Litigation Against Settlement**

14.     "The fairness of each settlement turns in large part on the bona fides of the parties legal dispute." *Gen. Motors Corp.*, 497 F.3d at 631. Accordingly, the district court must assess whether the parties are using the settlement to resolve a legitimate dispute of law and fact. *Id*.

15.     Consideration of this factor as applied to the present case leads to the conclusion that there is a legitimate dispute between the parties and that the settlement of this lawsuit provides a positive alternative to the risks of continued litigation.

16.     Here, Class Members and Defendant disagree about whether it is legally permissible to charge multi-family dwellings a commercial, rather than residential, rate for drainage charges in order for DWSD to recoup allegedly higher costs for stormwater runoff at these properties. The parties' views on this question fundamentally differ. Further litigation of this question would require the Court to adjudicate a sharply-contested disagreement.

17.     Thus, the Court finds that the parties' dispute is genuine, serious, and substantial; that continued litigation would entail considerable effort and expense; that the outcome of that litigation is uncertain; and that class members would bear the risk of continued litigation with the potential for an adverse result. The above circumstances favor a settlement that ends the litigation, eliminates uncertainties, and is beneficial to all involved parties. Accordingly, the Court determines that the settlement is informed, prudent, and rational, within the "range of reasonableness," and fair, reasonable, and adequate under Rule 23(e)(2).

**The Risk, Delay, and Expense of Further Litigation**

18.     "Whatever the relative merits of the parties' positions, there is no such thing as risk-free, expense-free litigation." *IUE-CWA*, 238 F.R.D. at 596. Complex litigation is both costly and time-consuming, and other class action cases in this district have spanned nearly a decade prior to appellate review. *Id*. (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388 (6th Cir. 1998) (en banc) (upholding, after 9

years of litigation); *Bittinger v. Tecumseh Prods.*, 201 F.3d 440 (6th Cir.1999) (per curiam) (affirming, after 8 years of litigation)).

19.    Here, the litigation, which began in 2012, has already spanned over three and a half years. Without a settlement, Class Members would be subject to risk, uncertainty, potential hardship, and delay while awaiting the outcome of continued litigation, which might ultimately be decided against them. Accordingly, the risk, delay, and expense factor favors approval of the settlement, which will ultimately ensure that Class Members receive credits towards past and future drain charges on their accounts.

**The Judgment of Legal Counsel Factor**

20.    Class Counsel's judgment that the settlement is in the best interest of the class "is entitled to significant weight, and supports the fairness of the class settlement." *IUE–CWA*, 238 F.R.D. at 597. The class has been represented by seasoned litigators with many years of experience in the area of class actions and other complex cases. Class Counsel's efforts in the settlement process displayed an informed, reasoned, and practical approach to the litigation process. The Court recognizes their experience and diligence, and concludes that their endorsement of the settlement "is entitled to significant weight." *IUE–CWA*, 238 F.R.D. at 597 ("the Court must rely upon the judgment of experienced counsel and, absent fraud, 'should be hesitant to substitute its own judgment for that of counsel.' ") (citations

omitted). Accordingly, the Court finds that the judgment of counsel factor warrants approval of the settlement.

**The Discovery and Evidence Factor**

21.    The Settling Parties have vigorously litigated the case, including the undertaking of formal and informal discovery. Dkt. No. 80, p. 7 (Pg. ID No. 1313). Through this discovery, over 1000 pages of documents were generated for review and analysis of Defendant's rate philosophy and structure. *Id.* at 24.

22.    The Court finds that through this cooperative information exchange, the Settling Parties developed a body of documents and information that permitted an informed assessment of the litigation and was sufficient to demonstrate to the Court that their dispute is genuine and based on good-faith legal positions.

23.    The Court concludes that there is sufficient information to conclude that the settlement is a fair, reasonable, and adequate resolution of the dispute. Accordingly, the evidence factor, too, warrants approval of the settlement under Rule 23(e)(2).

**The Fairness Factor**

24.    "Courts may [also] scrutinize settlements to determine whether absent class members have lost out in favor of attorneys and named class members." *IUE-*

*CWA*, 238 F.R.D. at 598 (quoting *UAW v. GM*, 2006 WL 891151, at \*19, 2006 U.S. Dist. LEXIS 14890, at \*60) (alteration in original).

25.    The total amount to be paid by Defendants is $616,400.00. Defendants will issue a credit of $575.00 to each of the 672 Qualified Accounts, totaling $386,400.00. Defendants will provide a cash payment to each of the Named Plaintiffs in the amount of $6,000.00, for a total of $30,000.00. Finally, Class Counsel is seeking $200,000.00 in attorneys' fees, costs, and expenses.

26.    The first issue to address is whether the incentive payment to the Named Plaintiffs is fair to the class. The Sixth Circuit has not passed judgment on the appropriateness of incentive awards; however, the Circuit has stated that "there may be circumstances where incentive awards are appropriate." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 756 (6th Cir. 2013). Meanwhile, the Seventh Circuit has stated that, "[b]ecause a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id*.

27.    Here, the argument for awarding the incentive fees is that for the past four years, Named Plaintiffs have litigated this case for the benefit of Settlement Class Members. Dkt. No. 80, p. 20 (Pg. ID No. 1327). Additionally, Plaintiff's counsel presented the Court with two opinions from the Eastern District of Michigan where incentive awards were approved. *See Date v. Sony Elecs., Inc., No. 07-15474*, 2013 WL 3945981, at *13 (E.D. Mich. July 31, 2013) (approving an incentive award in a non-common fund case); *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-CV-10610, 2013 WL 6511860, at *9 (E.D. Mich. Dec. 12, 2013) (approving "case contribution" awards for named plaintiffs). Based on the evidence presented, the Court finds that the $6,000 payments to Named Plaintiffs are reasonable.

28.    Next, the Court turns to the fairness of Class Counsel's fee in light of the credits to the class. Although Class Counsel's fee is over 32% of the total amount being paid or credited by Defendants, Class Counsel and staff expended 934.40 hours, worth $272,114.18 in fees, prior to filing the fee petition. Dkt. No. 80, pp. 25–26 (Pg. ID No. 1331–32). The fees appropriately were computed based on work hours and estimated future work hours through the conclusion of the litigation, on a "lodestar" basis. Additionally, Class Counsel's fees were subject to a discount factor—a negative multiplier of 73%—and did not take place until after the settlement for the class was negotiated. Based on these facts, the Court cannot say that the Settlement Agreement improperly benefits the attorneys.

**The "Arm's Length" Factor**

29.    "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *IUE-CWA*, 238 F.R.D. at 598. There is no evidence of fraud or collusion in the present case. Since this litigation began in 2012, the parties have displayed disagreed civilly over the legal issues in dispute. The parties worked with a neutral United States Magistrate Judge to reach their settlement, after their first settlement conference was unsuccessful. The process was entirely at arm's length, and thus this factor too supports approval of the settlement.

**The Public Interest Factor**

30.    The Court finds that the settlement is in the public interest. The settlement benefits both of the Class Members and Defendant, and simultaneously serves the public interest by achieving certainty for parties. The public interest is also served by resolving disputes in federal courts with efficiency and expediency, aiding in judicial economy. *See Cardizem*, 218 F.R.D. at 530 (citations omitted) ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."). The public interest factor, too, favors approval of the settlement.

**Objections of Class Members and Excluded Class Members**

31.    No objections have been filed or lodged in a timely manner.

32.    The Court finds that the proposed settlement has provided an opportunity for Class Members to exclude themselves from the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(4), and that the following are, at their request, hereby excluded from the Settlement Class:

a.    Henry Properties No. 1, LLC. DWSD Accounts 300-2385-300 and 300-2382-300. Located respectively at 9710 W. Outer Drive, Detroit, Michigan 48223 and 9730 W. Outer Drive, Detroit, MI. 48223, at the written and timely request of Manager Stephen H. Lange, confirmed by Attorney Kerry L. Morgan on February 22, 2016.

## IV. CONCLUSION

33.    The Court finds that the Settlement Agreement resolves a genuine and serious legal dispute between the Class Members and Defendant; that it is the product of informed "arm's length" negotiations and mediation; that it achieves a mutually-beneficial settlement, fairly and without any suggestion of fraud and collusion; that it binds Defendant, adding to the class members' security; that it eliminates litigation risks and uncertainties for all sides; that it avoids further delay, expense, and hardship; that it serves the interests of the class as a whole, and presents a reasonable alternative to continued litigation; that it conserves judicial

resources and is consistent with the public interest; that it has the parties' and counsel endorsements; that it is within an acceptable "range of reasonableness"; and, finally, considering all the circumstances, that it is fair, reasonable, and adequate under Rule 23(e)(2).

34.     For the foregoing reasons, and those in the record and stated at the fairness hearing, it is **ORDERED** that Plaintiffs' Motion for Approval of Class Action Settlement and For Fees [80] is **GRANTED**.

35.     It is further **ORDERED** that the parties' settlement and the class Settlement Agreement, Dkt. No. 81-2, is **APPROVED** in all respects and as to all parties.

36.     It is further **ORDERED** that Class Counsel's Motion for Award of Attorney's Fees, Costs, and Expenses in the amount of $200,000 is **GRANTED**.

37.     It is further **ORDERED** that all terms and provisions of the Release and Settlement Agreement are to be implemented.

38.     It is further **ORDERED** that all Parties are bound by this Order and by the Settlement Agreement. All valid members of the Settlement Class who did not make a valid request for exclusion in the time and manner provided in the Settlement Class Notice are barred and permanently enjoined from commencing or prosecuting any action, suit, proceeding, or claim against the City of Detroit or the Detroit Water and Sewerage Department based upon, relating to, or arising out of any of the Released Claims described in the Release and Settlement Agreement.

39.    The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Settlement Class Members who did not request exclusion from the Settlement Class in time and manner provided for in the Settlement Class Notice.

40.    The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Class Members, certified by this Court's Order [47] of March 3, 2014, who do not meet the definition of the Settlement Class as defined by this Order.

41.    If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order shall be deemed vacated and shall have no force or effect whatsoever.

42.    If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, the Release and Settlement Agreement of the Settling Parties shall be deemed vacated and shall have no force or effect whatsoever.

           IT IS SO ORDERED.

Dated:  March 29, 2016

                                                   /s/Gershwin A Drain
                                                   HON. GERSHWIN A. DRAIN
                                                   United States District Court Judge